**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────

**PHOENIX ASSET GROUP, LLC,**

                              **Plaintiff,**

**v.**
                                                    **21-CV-382V(Sr)**

**URS SOLUTIONS LLC,**

**NIAGARA RESTITUTION SERVICES, INC.,**

**GASSAN RIZEK,**

**YAMAL RAMIREZ,**

**and**

**ASG SOLUTIONS LLC,**

                              **Defendants.**

─────────────────────────────

## DECISION AND ORDER

          This matter was referred to the undersigned by the Hon. Lawrence  J.
Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters.  Dkt. #10.


          Plaintiff commenced this action on March 11, 2021 and filed an amended
complaint on March 18, 2021.  Dkt. #1 & Dkt. #3. In accordance with the deadline set
forth in the Case Management Order (Dkt. #26), plaintiff moved to file a second
amended complaint adding ASG Solutions LLC (ASG"), as a defendant. Dkt. #27.
Defendants did not object to the motion, which was granted on June 24, 2022. Dkt. #31.
Generally speaking, the complaint alleges that plaintiff, a buyer of defaulted debts,

placed accounts for collection with defendant URS Solutions, LLC ("URS"), who failed to accurately report the status of such accounts or properly remit collections to plaintiff and sent certain accounts to defendant Niagara Restitution Services, Inc. ("NRS"), and ASG without plaintiff's approval. Dkt. #33.

On July 1, 2022, the parties engaged in mediation. Dkt. #32.

On August 2, 2022, plaintiff moved to extend the deadlines in the Case Management Order by three months because, *inter alia*, certain defendants had not responded to the second amended complaint. Dkt. #36-1. Plaintiff's counsel also noted that although plaintiff had engaged an expert to analyze what was expected to be substantial electronic data from defendants, it was doubtful that such data could be collected and analyzed in the time frame set forth in the Case Management Order. Dkt. #36-1. Plaintiff's counsel further noted that defense counsel had informed him that he had just been discharged from the hospital following surgery and was not able to work to capacity for an undetermined period of time. Dkt. #36-1. The Court granted plaintiff's motion. Dkt. #37.

Plaintiff served document demands and interrogatories upon URS on August 10, 2022. Dkt. #53-2 & Dkt. #53-4. Plaintiff served document demands and interrogatories upon NRS on August 12, 2022. Dkt. #53-3 & Dkt. #53-5. Plaintiff's counsel also emailed these documents to defense counsel on August 12, 2022. Dkt. #57-18, p.2.

By email to plaintiff's counsel dated August 18, 2022, defense counsel requested an extension of time through August 26, 2022 to file defendants' Answers, explaining:

> I never anticipated that my health would prevent me from meeting deadlines. Then, the follow-up surgeries were emergencies that I could not plan for. Please recognize that . . . I was unable to work, period . . . . be it from an inability to get out of bed or due to being under the influence of the various medicines.

Dkt. #57-1, p.3. Plaintiff's counsel advised defense counsel to answer "no later than the 26th" and noted that defense counsel had

> once again failed to give a straight answer as to your health status and ability to carry out your duties on this case. As I've said numerous times already, your failure to meet deadlines cannot be a consistent thing going forward.

Dkt. #57-1, p.2.

At 11:50 am on September 7, 2022, plaintiff's counsel received the following from a yahoo email account from Kristin Etu:

> I am a friend of [defense counsel] . . .
>
> As you know, [defense counsel] has been undergoing treatment for cancer. He had an emergency situation (again) about 10 days ago and has been unable to work. His daughter was going through his cases and asked if I could help with some discovery requests you made recently in your case with him.
>
> Would you please email me and attach the discovery requests for the case, but in Word format so that we do not have to type out the questions?

Dkt. #56-1, p.1. In response to plaintiff's counsel's inquiry, Ms. Etu advised that she was not an attorney, and that she occasionally assisted defense counsel with administrative

-3-

tasks. Dkt. #56-1, p.3. Plaintiff's counsel responded by informing Ms. Etu that the discovery demands were served and the documents were also emailed to defense counsel in Word format. Dkt. #56-1, p.4. He also advised that defendants were in default and inquired: "What is going on with [defense counsel] and how long is he expected to be out?" Dkt. #56-1, p.4. At 3:59 pm, Ms. Etu responded that she did not have access to [defense counsel's] computer and, rather than wait for him to be awake, I thought it best to ask you if you would send [the discovery demands] to me in Word format so that we might begin to put the responses together without having to type the questions by hand." Dkt. #56-1, p.5. She further indicated that she had "located a document that appears to be an Answer, but it is not yet completed," noting that "[w]e can assist with finishing that as well." Dkt. #56-1, p.5. Plaintiff's counsel responded with surprise that Ms. Etu was "doing anything outside the supervision of the attorney on the case, who you say is not awake," and opining that "[t]he whole situation is frankly bizzare." Dkt. #56-1, p.6.

Ms. Etu sent the following email to the attention of my law clerk after business hours on Thursday, September 8, 2022:

> I am writing on behalf of my friend, [defense counsel], . . . in the hope to bring an emergency situation to the court's attention. I am not a paralegal but have worked with attorneys before and assisted [defense counse] with some administrative duties in the past.
>
> For the past year, [defense counsel] has had ongoing health issues and is under care at Roswell Park Comprehensive Cancer Institute. He has undergone several surgical procedures this year, and continues his care at Roswell. Against advice, he was still attempting to work, with the expectation and belief that he could. However, an ongoing

issue continues to arise, which causes his condition to deteriorate rapidly and he must be admitted to the emergency treatment center. None of these procedures was planned, including the last one in the third week of August. When he can work, [defense counsel] is only able to work a couple hours a day, for a few moments at a time. In addition, he is on significant medication. In all of the chaos surrounding his treatment, [defense counsel] was struggling to complete an answer to a complaint. As best I can tell from reviewing notes, [defense counsel] did seek additional time, but it was not granted by opposing counsel. Right after that, [defense counsel] was then taken back to Roswell. Unfortunately, [defense counsel] has been unable to resume work since his last procedure.

I reached out to opposing counsel . . . twice, about having some additional time to provide discovery documentation. I have attached screen captures of our email correspondence. As you can see from his response, [plaintiff's counsel] was unwilling to grant the extension. In addition, I considered his treatment of me to be rude, verbally abusive and insulting, even though my goal was to help HIM. He refused to provide the Word document that I requested. Of the dozen or so attorneys I have reached out to, he is the only one who gave me any difficulty whatsoever.

My intent was to move this case along for all parties to try and achieve some resolution. Could you possibl[y] offer me some advice on what to do in this situation? Can we pause the case for a couple of months to allow us time to properly respond and, if need be, get another lawyer to help?

Mark is due back at Roswell on September 15 and he faces yet another surgery. He will need several months of recovery. Myself and [defense counsel's] daughter will work to gather the required documentation requested by [plaintiff's counsel], including the late answer.

On Monday, September 12, 2022, my law clerk  responded:

I appreciate you reaching out to the Court regarding these unfortunate circumstances.

As it appears from your email that [defense counsel's] illness

> is impacting his ability to manage his cases, Judge
> Schroeder has asked me to connect you with the Erie
> County Bar Foundation for assistance. I have copied the
> Executive Director of the Bar Association . . . on this email
> so that she can link you to appropriate resources to support
> [defense counsel] and protect his clients' interests.

Defendants' responses to plaintiff's interrogatories are dated September

13, 2022. Dkt. #53-6 & Dkt. #53-7. By email dated September 13, 2022 at 6:15 pm, Ms.

Etu attached defendants' responses and stated:

> As you can imagine, it took an incredible amount of time to
> prepare them under the circumstances. I expect to have the
> defendants' responses to your requests for production of
> documents to you within the next couple of hours. Do you
> require hard copies? If so, I will arrange to have them either
> mailed or delivered to you.

Dkt. #56-1, p.9. Plaintiff's counsel responded that he would not accept service by email

and instructed Ms. Etu: "Do not email me again." Dkt. #56-1, p.10.

Plaintiff's counsel proffers photographs dated September 16, 2022

purporting to show defense counsel and Ms. Etu walking away from a car carrying

shopping bags and beverages. Dkt. #71-4. Another photograph, dated September 20,

2022, shows the individual purported to be defense counsel near the same car. Dkt.

#71-6.

On September 26, 2022, defendants moved for leave to file late Answers

to the second amended complaint and to extend the Case Management Order. Dkt.

##39 & 40. In support of the motion, defense counsel affirmed that he was diagnosed

with cancer and was undergoing treatment at Roswell Park Cancer Center. Dkt. #42-1,

¶ 3. Defense counsel affirmed that he had begun working on defendants' Answers to the second amended complaint when he "was forced to undergo yet another emergency procedure that left [him] almost completely unable to work and without the ability to obtain outside assistance with administrative functions." Dkt. #42-1, ¶ 5. Defense counsel further affirmed that he had "at least one more known procedure, currently scheduled for July 29, 2022 [sic], at Roswell Park Cancer Center" and that he was "actively seeking co-counsel to assist with the defense and prosecution of this case." Dkt. #42-1, ¶ 9. The Court granted the motion. Dkt. #43.

On October 5, 2022, plaintiff moved to dismiss certain counterclaims and strike portions of defendants' answer. Dkt. #45. Plaintiff argues, *inter alia*, that defendants have not corrected the deficiencies which prompted Judge Vilardo to grant plaintiff's prior motion to dismiss without prejudice. Dkt. #45-5.

By letter to defense counsel dated October 12, 2022, plaintiff's counsel noted that defendants had failed to respond to plaintiff's document demands and requested disclosure by October 19, 2022. Dkt. #53-8, p.3. Plaintiff's counsel also outlined numerous objections to defendants' interrogatory responses. Dkt. #53-8, pp.3-6. Plaintiff's counsel advised that it would move to compel and seek attorney fees if the deficiencies were not resolved by October 19, 2022. Dkt. #53-8, p.6

By email dated October 18, 2022, Ms. Etu advised plaintiff's counsel:

I have gathered the mail and have your letter to [defense counsel] regarding discovery responses. Your last email to

> me instructed me not to contact you further and also
> informed me that you would not be accepting discovery
> responses from me, even though [defense counsel] signed
> off on them.
>
> I still have those responses, and, if you are willing to accept
> our discovery responses, I will happily send them over to
> you. Please let me know how you would like to proceed.

Dkt. #56-1, p.11. Plaintiff's counsel responded that "[s]ervice of discovery responses
was to be made per the FRCP." Dkt. #56-1, p.12.

Defense counsel declares that he was unable to respond to plaintiff's
letter of October 12, 2022 and would continue to be unable to respond through the end
of 2022 because he remains "under the care of his surgeons at Roswell and not yet
cleared for daily, full time work." Dkt. #55, ¶¶ 12 & 14.

By email dated October 27, 2002, defense counsel inquired whether
plaintiff would grant defendants permission to file an amended answer and
counterclaims. Dkt. #57-21.

On November 4, 2022, defendants moved for leave to amend their
answer and to add Robyn Bowman, plaintiff's sole shareholder, as a party so as to
correct deficiencies identified by plaintiff's motion to dismiss and support their
counterclaim seeking alter ego liability. Dkt. #48.

Currently before this Court is plaintiff's motion to compel responses to
plaintiff's interrogatories and document demands and to award plaintiff attorney's fees

for the cost of this motion. Dkt. #53. In support of the motion, plaintiff argues that it has not received any documents from defendants. Dkt. #53-9, p.4. Given this failure, plaintiff seeks an order permitting plaintiff's expert to collect ESI from defendants by directing them to provide the necessary passwords to access and copy such data. Dkt. #53-9, p.5.  Plaintiff's counsel declares that confidentiality concerns can be addressed through a confidentiality order. Dkt. #53-1, ¶ 17. Plaintiff also challenges the accuracy of defendant's interrogatory responses. Dkt. #53-1. For example, although URS' interrogatory responses indicate that it's owner, Gassan Rizek, prepared them, his name is not spelled correctly throughout the document and he did not sign the interrogatories. Dkt. #53-1, ¶¶ 13-14. Moreover, plaintiff's counsel declares that although Mr. Rizek previously purported to pull account data relating to plaintiff's accounts from a server physically located at URS during a review of plaintiff's accounts with plaintiff, URS interrogatory responses deny the existence of a physical server and indicate that URS used a cloud server.  Dkt. #53-1, ¶ 4, 8 & Dkt. #53-6, p.8.

In response to the motion, by declaration dated December 12, 2022, defense counsel explains that any delay in responding to discovery demands has been directly related to his ongoing medical condition and treatment, which plaintiff's counsel was aware of as early as July, 2022. Dkt. #55, ¶¶ 10-11. Defense counsel further notes that "[a]ny gaps or incomplete responses were due to the frantic nature of trying to get documents prepared and served by people not trained in this field." Dkt. #55, ¶ 9. Defense counsel declares that he remains under the care of his surgeon and is "not yet cleared for daily, full time work." Dkt. #55, ¶ 14. Defense counsel further declares that

he has offered to allow plaintiff's expert to review defendants' ESI, but plaintiff has not responded. Dkt. #55, ¶ 6.

Ms. Etu also submitted an affidavit explaining that she is an acquaintance of defense counsel, but not a paralegal or legal assistant. Dkt. #56, ¶ 4. Ms. Etu affirms that she "was asked by [defense counsel] to assist him with administrative matters because he was - and is - undergoing a series of operations and treatments at Roswell Cancer Institute for two separate cancers which often abruptly left him often unable to work at all, and if at all, even now only for limited periods of time only." Dkt. #56, ¶ 6. When plaintiff's counsel declined to accept service of discovery responses by email and requested that Ms. Etu cease communication with him, Ms. Etu affirms that defense counsel directed her to place the discovery responses in the mail,[1] which she did. Dkt. #56, ¶¶ 12-13. Ms. Etu attached her email correspondence with plaintiff's counsel to her affidavit. Dkt. #56-1.

In reply to the motion to compel, plaintiff's counsel notes that defense counsel filed an Offer of Judgment in the United States District Court for the Middle District of Georgia on August 22, 2022; filed a complaint in New York State Supreme Court on September 1, 2022;  and was active on public social media platforms between September 1st and September 8, 2022. Dkt. #57, ¶¶ 18- 25. Plaintiff's counsel filed copies of defense counsel's public social media activity from January 1, 2022 through November 24, 2022. Dkt. #57-19 & Dkt. #57-20. Plaintiff's counsel declares that:

---

[1] Defendants have not proffered a certificate of service.

> A pattern has emerged of emergency surgeries that occur
> on due dates, such as due dates for pleadings or discovery
> responses in this case and this pattern of delay is derailing
> the case and prejudicing the Plaintiff. If [defense counsel]
> cannot fulfill his duties in this case, perhaps he should give
> way to counsel that can.

Dkt. #57, ¶ 41.  Plaintiff reiterates that defendants' discovery responses have not been

augmented and remain deficient. Dkt. #57. Specifically, plaintiff's counsel declares that

he has received no response to his document demands. Dkt. #57, ¶¶ 3 & 37. Because

defendants' failure to respond to plaintiff's discovery has been willful, plaintiff seeks an

award of attorney fees for the cost of this motion as provided under Rule 37 of the

Federal Rules of Civil Procedure. Dkt. #53-1, ¶ 19.


Defense counsel moves to strike the reply of plaintiff's counsel, arguing

that although his social media "posts are public, they have absolutely no bearing on the

case or on any legal issue before the Court." Dkt. #58, p.5. Defense counsel declares

that he "can think of no other reason to include the content of my posts other than to

attempt to sway a Court's opinion of me by including wholly inadmissible material of my

personal and political beliefs in a Court filing." Dkt. #58, p.7.


By declaration in response to the motion to strike, plaintiff's counsel posits

that if defense counsel was able to post on Facebook, he "could have emailed me,

explained that he was in the hospital undergoing surgery" and "told me . . . how long

he'd be unable to work." Dkt. #61, ¶ 10. Plaintiff's counsel argues that defense counsel

has made his health condition a proper subject of inquiry because he "has raised it in

his papers, especially where it concerns missed deadlines in this case." Dkt. #61, ¶ 15.

Plaintiff's counsel also notes that despite defense counsel's declaration on December 12, 2022 that he was not yet cleared for daily work, he was able to file a Fair Debt Collections Practice Act lawsuit against plaintiff in the United States District Court for the Northern District of Georgia on January 6, 2023. Dkt. #61, ¶ 18 & Dkt. #61-1. Despite this activity, plaintiff's counsel notes that defense counsel failed to serve ASG's initial disclosures by December 16, 2022, the deadline set forth in the Court's Second Amended Case Management Order. Dkt. #61, ¶ 20 & Dkt. #43, ¶ 2. Moreover, plaintiff's counsel declares that he has yet to receive a response to his document demands or complete interrogatory responses. Dkt. #61, ¶ 21.

Defense counsel moves to strike this declaration as well, arguing that the declarations of plaintiff's counsel "are nothing short of accusations that Defendants' counsel and my assistant are lying to this Court about my medical condition." Dkt. #63, p.9. Defense counsel also asks that all documents referencing his health be sealed from public view because this case and the case against plaintiff in Georgia have garnered widespread attention in the debt collection arena. Dkt. #63, p.10. Defense counsel declares that "as of January 3, 2023, I have returned to work for such periods of time as I am able, that I am doing my utmost to catch up with past and overdue work and do not have any foreseeable medical issues until I return to Roswell on March 1st." Dkt. #63-3, ¶ 21. Defense counsel attaches a letter from Michael B. Sexton, Esq., Sr. Vice President & Chief Legal Officer of Roswell Park Comprehensive Cancer Center stating that defense counsel "has been a surgical patient here at Roswell Comprehensive Cancer Center since last year, and he remains under the care of staff at Roswell Park for ongoing treatment." Dkt. #63-2.

Plaintiff's counsel declares that he has never claimed that defense counsel's illness doesn't exist nor has he demanded specific information about defense counsel's medical condition, but does believe that defense counsel owes him "a duty of candor in informing me of surger(ies), inability to work and start and anticipated end time of such inability." Dkt. #71, ¶ 13. Plaintiff's counsel declares that he has been generous with many deadlines, but has every right to expect that defense counsel will meet deadlines, "whether by extension or not." Dkt. #71, ¶¶ 10 & 25. Plaintiff's counsel also challenges defense counsel's apparent belief that he has the right to chose which cases to work on. Dkt. #71, ¶ 25. In addition to filing the FDCPA case against plaintiff, plaintiff's counsel declares that defense counsel actively participated in remote proceedings of creditors for the  bankruptcy proceeding of plaintiff's sole member, Robyn Bowman. Dkt. #71, ¶ 23. Plaintiff's counsel also believes that defense counsel's explanations "do not add up." Dkt. #71, ¶¶ 10 & 17. For example, plaintiff's counsel questions from whom Ms. Etu obtained the information contained in the interrogatory responses during the time frame that defense counsel was too incapacitated to communicate with plaintiff's counsel. Dkt. #71, ¶ 22. Plaintiff's counsel also notes contradictions in Ms. Etu's claim that document responses were mailed to him on September 13, 2022, while also representing that she still had such responses. Dkt. #71, ¶¶ 20-21. Plaintiff's counsel declares that he had still not received responses to document demands. Dkt. #71, ¶ 21.

On January 17, 2023, defendants served discovery demands upon plaintiff seeking, *inter alia*, account debtor information. Dkt. ##70-2 & Dkt. #70-3.

On January 21, 2023, plaintiff's counsel served ASG with Plaintiff's First Set of Interrogatories and First Set of Document Demands by first class mail. Dkt. #78-1, ¶ 3. On January 30, 2023, plaintiff's counsel declares that he provided defense counsel with an electronic copy of the discovery requests, in Word format, by email. Dkt. #78-1.

By letter dated February 1, 2023, plaintiff's counsel requested a mutually-agreed upon confidentiality agreement because several of defendants' discovery demands requested confidential and proprietary information, including confidential debtor information. Dkt. #70-5, p.2. Plaintiff provided a stipulated protective order for defendants' review on February 3, 2023. Dkt. #70-5, p.3. Plaintiff's counsel declares that defendants have declined to sign the stipulated protective order. Dkt. #70-1. ¶ 12. As a result, plaintiff moves for a confidentiality order to limit and condition the use of any confidential and proprietary information and documents produced in this action. Dkt. #70-1, ¶ 7.

The Court directed the filing of any response to plaintiff's motion for a protective order no later than August 18, 2023. Dkt. #72.  On August 23, 2023, defense counsel filed a declaration opposing the confidentiality order. Dkt. #73. Plaintiff moves to strike defendants' opposition as untimely. Dkt. #74.

By letter dated October 20, 2023, which is addressed to the same address on this Court's CM/ECF system, plaintiff's counsel requested production of initial disclosures for ASG and responses to plaintiff's discovery demands. Dkt. #78-6.

By email dated November 28, 2023, defense counsel wrote:

I have been notified of a letter you sent to my residence. For reasons unkonwn to me, it was not forwarded to me earlier by the post office.

Please email me a copy of the letter so that I may respond as necessary.

Dkt. #78-7. Plaintiff's counsel responded:

The letter, which was sent to your last known business address, which you also use as your residence, noted your failure to provide discovery to Plaintiff's demands to ASG, as well as your prior failure to provide initial disclosures for ASG. The letter contained a typo, which gave you until October 13, 2023 to provide the requested discovery, without objection. That should have [been] November 13, 2023, but that date has also come and gone. This is consistent with your failure to provide discovery in this case. I'll be making a motion to compel and for attorneys fees shortly.

I might suggest that if you are going to change addresses, that you notify me and the Court.

Dkt. #78-7. Defense counsel replied:

I have not made a decision on my permanent residence as of yet . . . simply convalescing out of state as best I am able. I am surprised the private investigator you hired to follow me and my family has not apprised you of that.

If you wish for me to [provide] a response to the letter, or the alleged discovery requests, please send it to me in an email. If you would rather file a motion to compel, there is nothing I can do to stop you.

Dkt. #78-7.

On December 12, 2023, plaintiff moved to compel responses to its First

Set of Interrogatories and First Set of Document Demands from ASG. Dkt. #78. Plaintiff

also seeks an award of attorney's fees. Dkt. #78-1, ¶ 13.  Defendants did not respond to this motion.

### Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter." As set forth in Rule 7, pleadings are defined to encompass: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. "Motions, declarations and affidavits are not pleadings." *Granger v. Gill Abstract Corp*., 566 F. Supp.2d 323, 335 (S.D.N.Y. 2008). "Numerous courts have held that they are not authorized by Rule 12(f) to strike matters in documents other than pleadings." *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 16-CV-3181, 2020 WL 7042642, at *9 (E.D.N.Y. Nov. 30, 2020), *citing United States ex rel. Lee v. Northern Adult Daily Health Care Ctr*., 174 F. Supp.3d 696, 699-700 (E.D.N.Y. 2016).

While the Court does possess an inherent authority to manage the cases before it by striking any filed papers determined to be abusive or otherwise improper under the circumstances, the Court finds that the circumstances presented do not warrant the exercise of such discretion. *See Shamrock Power Sales, LLC v. Scherer*, 12 Civ. 8959, 2016 WL 7647597, at *7 (S.D.N.Y. Dec. 8, 2016) (denying motion to strike portions of declaration because arguments that statements contained therein are

false merely go to the weight the Court should afford such statements). While defense counsel characterizes plaintiff's recitation of facts relating to the continued delay in these proceedings as accusations that defense counsel and his assistant "are lying" to the Court about his medical condition, the Court discerns no such insinuation. Rather, the Court takes plaintiff's counsel at his word that the chronology was provided to illustrate defense counsel's ongoing failure to communicate with opposing counsel and the Court regarding his capacity to represent defendants in this action and his apparent ability during at least some points in this time period to prosecute other matters and communicate on social media.[2] Moreover, the declaration by plaintiff's counsel legitimately questions defense counsel's capacity to supervise an administrative assistant who defense counsel characterizes as "not trained in this field" during a time period in which the administrative assistant recognizes that defense counsel was under the influence of "significant medication" and defense counsel declares himself "almost completely unable to work." Such allegations are clearly material to the Court's assessment of defense counsel's response to plaintiff's discovery demands and resolution of plaintiff's motion to compel. The Court notes that defense counsel has had ample opportunity to address the allegations proffered by plaintiff's counsel in his responding papers.

While the Court may have granted a motion to seal references to defense counsel's medical condition had defense counsel moved for such relief prior to defense

---

[2] Although the Court is not concerned with the content of such communications, the Court discerns no reason to strike them from this public record given that defense counsel does not dispute that they were shared publicly on social media.

counsel's disclosure of such information to plaintiff's counsel and the Court, the Court will not fault plaintiff's counsel for proffering communications regarding defense counsel's medical condition to the Court in support of plaintiff's motion to compel. Defense counsel (and his administrative assistant), chose to share such information and sealing it at this point will not erase it from the public domain. Accordingly, defendants' motions to strike (Dkt. #58 & Dkt. #62), are denied.

### Motion to Compel

Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000).

In light of defense counsel's concession that defendants' interrogatory responses were "prepared and served by people not trained in this field" (Dkt. #55, ¶ 9), defendants shall properly respond to plaintiff's interrogatories within 30 days of the filing of this Decision and Order. As set forth in Rule 33 of the Federal Rules of Civil

Procedure, the interrogatories shall be signed by the person answering the interrogatories, who must be an officer or agent of the defendant.

Defendants shall serve responses to plaintiff's document demands within 30 days of this Decision and Order. With respect to ESI, defendants shall permit plaintiff's information technology vendor access to any server, whether physical or cloud, to search for and copy all ESI relating to plaintiff and plaintiff's account debtors, including, but not limited to payment processing and remit reports, and any other non-privileged electronic communications from March 1, 2017 through the present.

**Attorney's Fees**

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (I)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

While the Court is sensitive to defense counsel's medical condition, it cannot condone defendants' cavalier attitude regarding their discovery obligations. Despite being afforded numerous extensions of time by plaintiff's counsel and a lengthy opportunity to respond to plaintiff's motions by the Court, defendants have failed to supplement, sign or properly serve responses to plaintiff's interrogatories or to serve any response to plaintiff's document demands. Moreover, despite defense counsel's recognition of his need for assistance and the Court's referral of defense counsel to resources to obtain such assistance, defendants have failed to secure co-counsel to support defense counsel during his lengthy period of alleged incapacity. Furthermore, although the Court does not require details as to the nature of any medical condition affecting defense counsel's ability to fulfill his professional obligations, the Court is entitled to understand the extent of defense counsel's physical and/or mental limitations and their expected duration so as to effectively balance plaintiff's right to timely pursuit of its claims against defendants' prerogative for counsel. Instead of affirmatively presenting the Court with a good faith plan or proposed timeline for moving the litigation forward, however, defendants wielded defense counsel's medical condition as an exemption from their discovery obligations even as defense counsel attended to other legal issues arising in this and other cases. Accordingly, the Court finds that, despite due consideration to defense counsel's medical condition, defendants' responses to plaintiff's discovery demands and motions to compel were not substantially justified and that an award of attorney's fees is, therefore, appropriate. Absent agreement as to the amount of such award, plaintiff shall file a motion outlining its reasonable expense, including attorney's fees, within 30 days of the entry of this Decision and Order.

**Protective Order**

Plaintiff argues that identifying information relating to its account debtors is treated as confidential information and should be protected from disclosure and use outside of this lawsuit. Dkt. #70-1, ¶ 4. Specifically, plaintiff argues that such information should not be used by defendants to solicit plaintiffs for other lawsuits, as occurred with the lawsuit filed by defense counsel in the U.S. District Court for the Northern District of Georgia. Dkt. #70-1, ¶ 8.

Defendants argue[3] that the proposed protective order is unworkable because their defenses and counterclaims are based in significant part upon the creation of a fictitious collection agency, Arrow Credit Adjusters, by plaintiff's sole shareholder, Robyn Bowman. Dkt. #73, ¶ 9. Defendants argue that each and every consumer contacted by Robyn Bowman/Phoenix/Arrow Credit Adjusters is a potential defense witness, rendering their names, addresses, phone numbers and email addresses discoverable. Dkt. #73, ¶ 10. Defendants further argue that the information requested is not confidential and was provided to defendants by plaintiff over the years and entered into defendants' computer systems so that defendants could conduct the collection work plaintiff had assigned to defendants. Dkt. #73, ¶ 8.

Plaintiff replies that the fact that its account debtor information was provided to URS to facilitate collection of plaintiff's accounts does not negate the fact

---

[3] Although defendants' opposition to plaintiff's motion for a protective order was filed untimely, the Court exercises it's discretion to consider defendants response and therefore denies plaintiff's motion to strike defense counsel's declaration. Dkt. #74.

that such account debtor information is confidential information which should not be used to commence harassment actions against plaintiff. Dkt. #74-1, ¶¶ 8-9. Plaintiff argues that the need for a protective order to condition and limit the use of plaintiff's account debtor information for purposes of this action is, therefore, apparent. Dkt. #74-1, ¶ 11. Moreover, plaintiff argues that although some of the account debtors contacted by Arrow Credit Adjusters advised that they were making monthly payments to defendants, thereby alerting plaintiff that URS was misreporting its collections on plaintiff's accounts, no money was collected from such account debtors. Dkt. #74-1, ¶ 12. Plaintiff argues that defendants' own documentation would identify any account debtor that ceased payments to URS following contact by Arrow Credit Adjusters, negating defendants' proffered rationale for discovery of the identifying information for all account debtors contacted by Arrow Credit Adjusters. Dkt. #74-1, ¶ 20.

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of civil Procedure, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including," *inter alia,* "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Undue burden may be measured not only in the time or expense required to respond to requested discovery, but also "in the adverse consequence of the disclosure of sensitive, albeit, unprivileged material." *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). The Court has broad discretion in issuing a protective order, the appropriateness of which "depends upon a balancing of the litigation needs of the

requesting party and any countervailing protectible interests of the party from whom

discovery is sought." *Id., quoting Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 496

(S.D.N.Y. 1985).

The Court has reviewed plaintiff's proposed protective order (Dkt. #70-6),

and determines that it is appropriate to the needs of this action. More specifically, the

Court sees no need for defendants to utilize identifying information of account debtors

to defend against this action or prosecute their counterclaims. Whether or not

defendants have appropriately accounted for collections upon plaintiff's accounts can

be discerned from debtor account data without disclosing personally identifying

information. Similarly, defendants can discover the extent to which plaintiff may have

double placed accounts, as well as any amount other debt collectors may have

collected from such accounts (thereby depriving defendants of the opportunity to collect

on such accounts), without imposing upon the privacy interests of such account

debtors. Accordingly, plaintiff's motion for a protective order (Dkt. #70), is granted and

the proposed protective order (Dkt. #70-6), is hereby **SO ORDERED**.

### Case Management Order

Plaintiff's motion to amend the Case Management Order (Dkt. #75), is

granted as follows:

> (1)  Defendants shall serve responses to plaintiff's
>      interrogatories within 30 days of the filing of this
>      Decision and Order;

(2)    Defendants shall serve responses to plaintiff's documents demands within 30 days of this Decision and Order;

(3)    Defendants shall permit plaintiff's information technology vendor access to any server, whether physical or cloud, to search for and copy all ESI relating to plaintiff's account debtors, including, but not limited to payment processing and remit reports and non-privileged electronic communications from March 1, 2017 through the present, within 30 days of this Decision and Order;

(4)    Absent agreement as to a reasonable award of expenses, including attorney's fees, plaintiff shall file a motion outlining such expenses within 30 days of the entry of this Decision and Order;

(5)    All fact depositions shall be completed no later than February 7, 2025;

(6)    Plaintiff's expert witness disclosures shall be served no later than March 14, 2025;

(7)    Defendants' expert witness disclosures shall be served no later than April 18, 2025;

(8)    Expert Depositions shall be completed by June 27, 2025;

(9)    All Discovery shall be completed by July 25, 2025;

(10) Dispositive Motions shall be filed no later than September 19, 2025; and

(11) Mediation may continue through October 24, 2025.

The parties are forewarned that further extensions of this Case Management Order will not be granted absent demonstration of exceptional circumstances.

**<u>CONCLUSION</u>**

For the reasons set forth above: (1) plaintiff's motion to compel interrogatory responses and documents from defendants URS and NRS (Dkt. #53), is **GRANTED**; (2) defendants' motion to strike (Dkt. #58), is **DENIED**; (3) defendants' second motion to strike (Dkt. #62), is **DENIED**; (4) plaintiff's motion for a protective order (Dkt. #70), is **GRANTED**; (5) plaintiff's motion to strike (Dkt. #74), is **DENIED**; (6) plaintiff's motion to amend the Case Management Order (Dkt. #75), is **GRANTED**; and (7) plaintiff's motion to compel interrogatory responses and documents from defendant ASG (Dkt. #78), is **GRANTED**.

**SO ORDERED.**

DATED:     Buffalo, New York
           May 31, 2024

                    s/ H. Kenneth Schroeder, Jr.
                    **H. KENNETH SCHROEDER, JR.**
                    **United States Magistrate Judge**