UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**PHOENIX ASSET GROUP, LLC,**

                       **Plaintiff,**

v.                                                    **21-CV-382V(Sr)**

**URS SOLUTIONS LLC,**

**NIAGARA RESTITUTION SERVICES, INC.,**

**GASSAN RIZEK,**

**YAMAL RAMIREZ,**

and

**ASG SOLUTIONS LLC,**

                       **Defendants.**
_____

## DECISION AND ORDER

       This matter was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters. Dkt. #10.

       Generally speaking, the complaint alleges that plaintiff, a buyer of defaulted debts, placed accounts for collection with defendant URS Solutions, LLC ("URS"), who failed to accurately report the status of such accounts or properly remit collections to plaintiff and sent certain accounts to defendant Niagara Restitution Services, Inc. ("NRS"), and ASG without plaintiff's approval. Dkt. #33.

By Decision and Order entered May 31, 2024 this Court resolved plaintiff's motion to compel, directing that, *inter alia*, within 30 days, defendants serve responses to outstanding interrogatories and document demands and permit plaintiff's information technology vendor access to any server, whether physical or cloud, to search for and copy all ESI relating to plaintiff and plaintiff's account debtors, including, but not limited to payment processing and remit reports, and any other non-privileged electronic communications from March 1, 2017 through the present. Dkt. #79.

Currently before the Court is defendants' letter motion seeking a two-week extension of time to comply with the Decision and Order (Dkt. #81), as well as relief from the portion of the Decision and Order relating to ESI. Dkt. #82. In support of the request for an extension, defense counsel argues that he only recently appeared in this case and is working diligently with existing counsel, who continues to experience health issues, but cannot fully comply with the Court's Decision and Order by the deadline. Dkt. #81.

With respect to the latter request, defendants argue that plaintiff's judgment creditor has obtained an injunction prohibiting plaintiff from obtaining such information and that "it appears that providing the data to Plaintiff would run afoul of [that] order . . . and perhaps even facilitate fraud against a judgment creditor and investors." Dkt. #82. Defendants attach a copy of a temporary order of injunction from the District Court of the Fourth Judicial District, Hennepin County, Minnesota, dated May 9, 2024, temporarily enjoining and restraining plaintiff, as well as its owner,

operator, officers, agents, servants, employees, attorneys and all individuals or entities in active concert or participation with them who receive actual notice of the order, from directly or indirectly selling, transferring, assigning, alienating, dissipating, pledging, encumbering, concealing in any manner, disposing of, withdrawing, redirecting or otherwise instructing or participating in any of the same any interest in the funds and/or tangible or intangible Phoenix assets. Dkt. #82-6, p.2, ¶ 2. The temporary order further specifies that it includes any right to receive collections and/or proceeds remitted from any sale or other disposition relating to a list of debt portfolios identified in an attached exhibit. Dkt. #82-6, p.2, ¶ 2. As stated in the Decision in support of the temporary order of injunction, the goal is to preclude plaintiff, as well as it principal or other agents, from engaging in any asset transfers or withdrawals that could obstruct collection of a judgment entered against plaintiff on May 16, 2022. Dkt. #82-6. Defendants state that all its "data pertains to accounts in the portfolios listed in the injunction order." Dkt. #82.

As an initial matter, the Court finds that defendants are excluded from the definition of an entity acting in concert with plaintiff by their very status as defendants in this action seeking disgorgement of unremitted collections to plaintiff. In addition, the plain language of the temporary order of injunction does not encompass discovery of collections received from the accounts from which the judgment creditor seeks to collect, which the Court notes may actually lead to the discovery of greater proceeds collected, thereby increasing the funds ultimately available to the judgment creditor. As a result, the Court comfortably concludes that defendants can comply with this Court's Order without running afoul of the temporary order of injunction.

In light of the recent notice of appearance of new lead counsel on behalf of defendant, the Court grants defendants' request for a two week extension of time to comply with the following deadlines:

(1) Defendants shall serve responses to plaintiff's interrogatories no later than **July 15, 2024**;

(2) Defendants shall serve responses to plaintiff's document demands no later than **July 15, 2024**; and

(3) Defendants shall permit plaintiff's information technology vendor access to any server, whether physical or cloud, to search for and copy all ESI relating to plaintiff's account debtors, including, but not limited to payment processing and remit reports and non-privileged electronic communications from March 1, 2017 through the present, no later than **July 15, 2024**.

Defendants are forewarned that no further extensions of these deadlines will be granted absent demonstration of exceptional circumstances and that any failure to comply with its discovery obligations may result in sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 1, 2024

                                                          **s/ H. Kenneth Schroeder, Jr.**
                                                          **H. KENNETH SCHROEDER, JR.**
                                                          **United States Magistrate Judge**